# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

STANLEY JAMES CARTER                                                    PLAINTIFF

v.                          NO. 5:16-cv-00273 JM/PSH

MICHAEL H. RICHARDSON, RANDY WATSON,                      DEFENDANTS
JEREMY ANDREWS, MEREDITH MCCONNELL,
WENDY KELLEY, MARK WARNER, GAYLON LAY,
and VALERIE WESTBROOK

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United
States District Judge James M. Moody, Jr. You may file written objections to all or part
of this Recommendation. If you do so, those objections must: (1) specifically explain the
factual and/or legal basis for your objection, and (2) be received by the Clerk of this
Court within fourteen (14) days of this Recommendation. By not objecting, you may
waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

INTRODUCTION. The defendants have filed the pending motion for summary judgment. See Docket Entry 21.[1] For the reason that follows, the undersigned recommends that the motion be granted, the complaint be dismissed without prejudice, and judgment be entered for all of the defendants.

PLEADINGS. Plaintiff Stanley James Carter ("Carter") began this case by filing a complaint pursuant to 42 U.S.C. 1983. Carter alleged in the complaint that on March 15, 2016, he was attempting to assist a prison guard when Carter was attacked and injured by another inmate. Carter alleged that he would not have been placed in such a situation had the defendants adequately staffed the facility in which he was then incarcerated, i.e., the Varner Unit. He admitted that he did not present the facts of his complaint in a prison grievance and offered the following reasons for failing to do so:

> The attack on me had already happened. My issue is not covered by the grievance procedure nor is the remedy I seek (money damages). Arkansas Department of Correction grievance procedure does not address the problem I wish to litigate, such as physical damages and nerve damage of my right arm, loss of use of my right arm, [and] quality of life issues.

See Docket Entry 2 at CM/ECF 2.

---

[1]

The defendants filed their motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The rule provides, in part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The defendants responded to the complaint by filing a motion to dismiss. They maintained that Carter's complaint should be dismissed, in part, because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA").

Carter filed a response to the defendants' motion to dismiss and addressed their assertion that he failed to exhaust his administrative remedies. In the response, he acknowledged that he "should have gone into a more detailed explanation" of the exhaustion issue. See Docket Entry 18 at CM/ECF 3. He then offered a more detailed explanation of the issue, noting that he did in fact present the facts of his complaint in a prison grievance.

Given Carter's representation in his response to the defendants' motion to dismiss, a representation the undersigned accepted as true, it was recommended that the motion be denied. See Docket Entry 19.[2] United States District Judge James M. Moody, Jr., subsequently adopted the recommendation and denied the defendants' motion to dismiss. See Docket Entry 25.

---

[2] The undersigned noted that if the only pleadings in the record were Carter's complaint and the defendants' motion to dismiss, the undersigned would recommend that the motion to dismiss be granted. He clearly represented in his complaint that he did not pursue his administrative remedies by presenting the facts of his complaint in a prison grievance. The record, though, also contained his response to the motion to dismiss, a response in which he represented that he did in fact present the facts of his complaint in a prison grievance. Although the representation was not a part of the complaint, was not supported by an affidavit or exhibit, and might ultimately prove to be incorrect or otherwise insufficient to rebut a properly supported motion for summary judgment, the representation could not be ignored but had to be considered. Liberally construing Carter's pro se submissions, and reading them in toto, the undersigned found that the defendants failed to demonstrate he did not exhaust his administrative remedies.

The defendants have now filed the pending motion for summary judgment. <u>See</u> Docket Entry 21. In the motion, they again maintained that Carter's complaint should be dismissed because he failed to exhaust his administrative remedies as required by the PLRA. The defendants supported their motion with a declaration from Barbara Williams ("Williams"), an employee of the Arkansas Department of Correction ("ADC"). In the declaration, she represented, in part, the following:

> I have reviewed my grievance files regarding inmate Stanley James Carter, ADC# 111939.
>
> I did not find any grievances filed by Stanley James Carter, ADC# 111939, pertaining to the incident that occurred on March 15, 2016. To my knowledge, no such grievances exist.

<u>See</u> Docket Entry 23, Declaration of Barbara Williams at CM/ECF 2.

Carter filed two submissions in response to the defendants' motion for summary judgment. <u>See</u> Docket Entries 27, 30. In the submissions, he again maintained that he did in fact present the facts of his complaint in a prison grievance. He supported his assertion by noting the following: "The Varner Unit [<u>i.e.</u>, his place of incarceration] is notorious for not lodging inmate grievances and disregarding them ..." <u>See</u> Docket Entry 27 at CM/ECF 2. He additionally noted the following: "[I] not only turned the grievance in to be answered but sent request forms to the grievance office at the Varner Unit and not one request was returned from the grievance office concerning the grievance that is at issue ..." <u>See</u> Docket Entry 27 at CM/ECF 2-3.

<u>FACTS</u>. The defendants accompanied their motion for summary judgment with a statement of material facts as required by Local Rule 56.1(a). <u>See</u> Docket Entry 22. Carter did not controvert the facts contained in the statement. Notwithstanding his failure to do so, the undersigned has examined the entire record in this case and finds that the material facts are not in dispute. Those facts are as follows:

1. The ADC had at all relevant times an inmate grievance procedure. <u>See</u> Docket Entry 22 at CM/ECF 1.

2. The procedure provides an internal administrative mechanism for the resolution of inmate complaints. <u>See</u> Docket Entry 22 at CM/ECF 1.

3. Williams is the ADC Grievance Coordinator. <u>See</u> Docket Entry 22 at CM/ECF 3.

4. Williams examined "all grievances filed by Carter and did not find any grievance relating to the issues in this case." <u>See</u> Docket Entry 22 at CM/ECF 3.

5. Specifically, "Carter did not file any grievances against ADC Defendants relating to the March 15, 2016, incident." <u>See</u> Docket Entry 22 at CM/ECF 3.

<u>ANALYSIS</u>. The requirement that an inmate exhaust his administrative remedies before beginning litigation in federal court is well established. United States District Court Judge Harry F. Barnes, in adopting the recommendation of United States Magistrate Judge Barry A. Bryant, found the following with regard to the requirement:

> As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. …

"This provision does not require exhaustion of <u>all</u> remedies; it requires the exhaustion of 'such administrative remedies as are available.'" <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir.2001). The PLRA does not contain a definition of the term "available." However, the Eighth Circuit has noted that "the plain meaning of the term 'available' is 'capable of use for the accomplishment of a purpose: immediately utilizable ... accessible.'" <u>Id</u>. ...

The Supreme Court in <u>Booth v. Churner</u>, 532 U.S. 731, 738-39 ... (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." <u>Walker v. Maschner</u>, 270 F.3d 573, 577 (8th Cir.2001). Further, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency. <u>Concepcion v. Morton</u>, 306 F.3d 1347, 1352 (3d Cir.2002). Specifically, it has been held that a grievance procedure contained in a handbook constitutes an available administrative remedy within the meaning of 1997e(a). <u>Conception</u>, 306 F.3d at 1352. When all claims have not been exhausted, the case is subject to dismissal. <u>Kozohorsky v. Harmon</u>, 332 F.3d 1141, 1143-44 (8th Cir.2003) ...

...

The exhaustion requirement is not jurisdictional and is subject to certain defenses such as waiver, estoppel, or equitable tolling. <u>See</u> e.g., <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir.2000); <u>Underwood v. Wilson</u>, 151 F.3d 292, 294-95 (5th Cir.1998). It has been held that the exhaustion requirement should not operate to bar an inmate's claim if prison administrators prevent or refuse to review the grievance. <u>See</u> e.g., <u>Foulk v. Charrier</u>, 262 F.3d 687, 697-98 (8th Cir.2001)(prison officials refused to respond to informal resolution request that inmate completed to satisfy the requirements of the first part of the prison's three-part grievance process); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir.2001)(inmate prevented from exhausting administrative remedies when prison officials failed to respond to his requests for grievance forms making the grievance procedure unavailable to him); ...

The burden is on the Defendants to show the Plaintiff did not exhaust all available administrative remedies. <u>Lyon v. Vande Krol</u>, 305 F.3d 806, 809 (8th Cir.2002). The question that must be answered is whether there was a procedure available. <u>Id</u>. at 809.

See Doolittle v. Smith, 2010 WL 4669179 at 4-6 (W.D.Ark. 2010) [recommendation adopted Doolittle v. Smith, 2010 WL 4668796 (W.D.Ark. 2010)].

Applying the foregoing law to the facts of this case, the undersigned finds that there was a means for Carter to have exhausted his administrative remedies, i.e., he could have used the ADC inmate grievance procedure. The defendants have carried their burden of showing that he failed to comply with the requirements of that procedure before filing the case at bar. Specifically, Williams' unrebutted affidavit establishes that Carter did not file a grievance naming any of the defendants relating to the events giving rise to this case. Carter filed nothing at the administrative level which would have put the defendants on notice and given them an opportunity to correct an alleged violation of his rights.

Carter repeatedly maintains that he did in fact present the facts of his complaint in a prison grievance. He has offered nothing, though, to substantiate this unsupported and self-serving assertion. Carter has simply not submitted sufficient probative evidence in response to the motion for summary judgment to establish the existence of a fact question regarding the exhaustion of his available administrative remedies. *See, e.g., Conolly v. Clark*, 457 F.3d 872 (8th Cir. 2006); *Davidson & Assocs. v. Jung*, 422 F.3d 630 (8th Cir. 2005)(to avoid summary judgment, non-moving party required to submit more than unsupported self-serving allegations, and must provide sufficient probative evidence to allow him to prevail). He has thus failed to show that a genuine dispute exists as to whether he exhausted his administrative remedies.

RECOMMENDATION. Carter failed to comply with the requirements of the PLRA before beginning this case. The undersigned therefore recommends that the defendants' motion for summary judgment be granted, Carter's complaint be dismissed without prejudice, and judgment be entered for all of the defendants. The undersigned also recommends that the Court certify that an in forma pauperis appeal taken from the order and judgment dismissing the action is considered frivolous and not in good faith.

IT IS SO ORDERED this 27th day of April, 2017.


_____
UNITED STATES MAGISTRATE JUDGE